IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BURTON LOWELL ANDERSON,**
    **Plaintiff,**

v.                                                                      Civil Action No. 3:18-CV-167
                                                                                                                                                                                                                            (GROH)

**WV STATE TROOPER JASON BREWER,**
**WV STATE TROOPER CHRISTOPHER SPEECE,**
**DNR TROOPER PHILLIPS,**
**WV STATE TROOPER BLEVINS,**
**WV STATE TROOPER SNODGRASS, and**
**DNR TROOPER R. S. CREMEANS,**
    **Defendants.**

**REPORT AND RECOMMENDATION TO DENY**
**<u>PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER</u>**

**I.     INTRODUCTION**

On October 12, 2019, the *pro se* Plaintiff, an inmate[1] at St Marys Correction Center in St Marys, West Virginia, filed a civil rights action pursuant to 42 U.S.C. § 1983.  ECF No. 1.[2]  On April 29, 2019, Plaintiff filed a motion for an "expedited restraining order", claiming that his property, specifically a 1994 Chevy Blazer automobile, was "impounded illegally" and that other personal property was "illegally seized".  ECF No. 28.  Plaintiff seeks an order from this Court for "preservation of the property subject in this suit."  Id.

---

[1] According to the West Virginia Division of Corrections online Offender Search page, https://apps.wv.gov/ois/offendersearch/doc, Plaintiff's projected release date is November 24, 2028.

[2] All ECF number cited herein are in 3:18-CV-167, unless otherwise noted.

## II. LEGAL STANDARD

### A. Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### B. Requests for Injunctive Relief

The Fourth Circuit reviews "a district court's decision to grant a preliminary

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

injunction under an abuse-of-discretion standard." International Refugee Assistance Project v. Trump, 883 F.3d 233, 255 – 56 (4th Cir. 2018), as amended (Feb. 28, 2018). The standard for granting injunctive relief was articulated by the United States Supreme Court which held in Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) that:

> A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.

As restated by the Fourth Circuit, when a plaintiff seeks the extraordinary remedy of a preliminary injunction:

> The plaintiff "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." A plaintiff seeking a preliminary injunction must establish that (1) she is likely to succeed on the merits, (2) she is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tips in her favor, and (4) an injunction is in the public interest.

Int'l Refugee, 883 F.3d at 256 (citing WV Ass'n of Club Owners & Fraternal Servs., Inc. v. Musgrave, 553 F.3d 292, 298 (4th Cir. 2009) (citing Winter, 555 U.S. at 7)). This standard becomes even more exacting when a plaintiff seeks a preliminary injunction that mandates action, as contrasted with the typical form of a preliminary injunction that merely preserves the status quo. See East Tennessee Natural Gas Co. v. Sage, 361 Fed 3d 808, 828 (4th Cir. 2004) (quoting Wetzel v. Edwards, 635 F.2d 283, 286 (4th Cir. 1980)) (noting that "mandatory preliminary injunctions do not preserve the status quo and normally should be granted only in those circumstances when the exigencies of the situation demands such relief").

### III. ANALYSIS

In regard to Plaintiff's motion for an expedited restraining order, the Court interprets that motion as a motion for a temporary restraining order ("TRO"), as authorized by Federal Rule of Civil Procedure 65. Rule 65(b) provides that:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if:
> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65. The Supreme Court has long held that, "under federal law [TROs] should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cty., 415 U.S. 423, 439 (1974). The Fourth Circuit explained the different functions of temporary restraining orders and preliminary injunctions in Hoechst Diafoil Company v. Nan Ya Plastics Corporation, 174 F.3d 411, 422 (4th Cir. 1999), as follows:

> While a preliminary injunction preserves the status quo pending a final trial on the merits, a temporary restraining order is intended to preserve the status quo only until a preliminary injunction hearing can be held.

Pursuant to Plaintiff's pleadings, his property is in the custody of West Virginia law enforcement, where it has been for more than 20 months. ECF No. 1-1 at 4. Because maintaining the status quo condition of Plaintiff's property will occur without issuance of a TRO, there is no justification for issuance of such a restraining order. Although

4

Plaintiff alleges there is damage to his vehicle, he has not provided with his motion for a restraining order any documentation which establishes when, where or by whom such damage was caused.  ECF No. 28.

Although Plaintiff did not articulate a request for a preliminary injunction, nonetheless the Court also construes Plaintiff's motion for a TRO as a motion for an injunction.  However, it appears Plaintiff cannot meet the four-part Winter test for issuance of such a preliminary injunction.

First, Plaintiff has not shown he is likely to succeed on the merits in regard to his claim.  "To state a claim for relief in an action brought under § 1983, [Plaintiffs] must establish that they were deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).  See Thomas v. The Salvation Army Southern Territory, 841 F.3d 632, 637 (2016).  Plaintiff claims that his property was illegally obtained by the defendants, all of whom are law enforcement officials, thereby depriving him of his Constitutional rights.  Plaintiff concedes that the personal property was seized pursuant to a warrant, but claims the warrant was "outdated and void".  ECF No 1-1 at 4.  In support of his claims, Plaintiff has submitted without any explanation two photographs of a sport utility vehicle, which cannot be identified by make, model, license plate or Vehicle Identification Number ("VIN").  ECF No. 28-2.  The photographs show that the driver's side tires appear to be flattened, and the windshield appears to be shattered on the driver's side.  Id.  Neither of the photographs indicate that further damage to the automobile is imminent.  Rather, Plaintiff claims that Defendants previously damaged his personal property.

Second, Plaintiff has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief. Plaintiff claims that his property is in danger of damage while in police custody that has continued since on or about August 28, 2017. ECF No. 1-1 at 4, 1-3 at 12. Plaintiff claimed in the complaint that his property has already been damaged by the Defendants, however, it does not follow that even if such claims were true, that further damage to Plaintiff's property might occur as he now alleges in his motion. Because Plaintiff has failed to submit any records or documents with his request which demonstrate a need for a temporary restraining order or preliminary injunction, he has failed to demonstrate that he is likely to suffer irreparable harm in the absence of injunctive relief.

Third, Plaintiff has failed to show that the balance of equities tips in his favor. Despite his allegations of imminent danger, Plaintiff has not demonstrated that fairness dictates issuance of either a TRO or a preliminary injunction.

Fourth, Plaintiff has not demonstrated that an injunction is in the public interest. Plaintiff has raised no specific grounds which concern the public interest. Accordingly, Plaintiff has not demonstrated that the public interest requires the injunction he seeks.

Because Plaintiff is unable to meet any of the four parts of the <u>Winter</u> test for issuance of an injunction, his motion for an injunction [ECF No. 6] is not merited. Moreover, to the extent that Plaintiff's motion seeks to mandate action by the Defendants, Plaintiff has failed to demonstrate that he is entitled to extraordinary relief because he has failed to demonstrate that the exigencies of the situation demand such relief.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that the motion for an expedited restraining order [ECF No. 28] be **DENIED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:**     April 30, 2019

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE