# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**BURTON LOWELL ANDERSON,**

  Plaintiff,

v.                **CIVIL ACTION NO.: 3:18-CV-167 (GROH)**

**JASON BREWER, WV State Trooper,**
**CHRISTOPHER SPEECE, WV State Trooper,**
**DNR TROOPER PHILLIPS, Department of**
**Natural Resources Trooper,**
**WV STATE TROOPER BLEVINS,**
**WV STATE TROOPER SNODGRASS and**
**DNR TROOPER R.S. CREMEANS,**

  Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 29. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R to Deny Plaintiff's Motion for Temporary Restraining Order on April 30, 2019.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a plaintiff's right to appeal this Court's Order. 28.U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91,

94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Plaintiff accepted service on May 3, 2019. ECF No. 31. The Plaintiff filed his objections to the R&R on May 16, 2019. ECF No. 33. Accordingly, the Court will review the Plaintiff's objections to the R&R *de* novo. The Court will review the remainder of the R&R for clear error.

In his R&R, Magistrate Judge Trumble recommends denying the Plaintiff's Motion for an Expedited Restraining Order. Construing the Plaintiff's motion liberally, Magistrate Judge Trumble considered the Plaintiff's request as a motion for a temporary restraining order ("TRO") and a preliminary injunction. Regarding the Plaintiff's request for a TRO, Magistrate Judge Trumble found that maintaining the status quo of the Plaintiff's property will occur without the issuance of a TRO because the property is in the custody of West Virginia law enforcement. In making this finding, Magistrate Judge Trumble noted that the Plaintiff has not provided documentation which establishes when, where or by whom the damage to his property was caused. Regarding the Plaintiff's request for a preliminary injunction, Magistrate Judge Trumble found the Plaintiff cannot meet the four-part Winter test. Specifically, the Plaintiff has not shown he is likely to succeed on the merits of his claim, he has not demonstrated that he is likely to suffer irreparable harm in the absence of preliminary relief, he has failed to show that the balance of equities tips in his favor and he has not demonstrated that an injunction is in the public interest.

In the Plaintiff's objections, he provides additional documentation to support his motion for expedited restraining order. However, as noted by Magistrate Judge Trumble in his R&R, the documentation provided by the Plaintiff fails to establish when, where or

by whom the damage to his property was caused. The documentation also fails to support the Plaintiff's claim that further damage to the automobile is imminent. The additional documentation the Plaintiff attached to his objections, including the apparent "[s]tatements by witnesses," [ECF No. 33 at 3] does not change the Court's analysis.

The Plaintiff also makes several unsupported arguments. He first states that "[t]hroughout the possession of the vehicle by the State Police Defendants, the vehicle has been subject to retaliatory vandalism and abuse of which the exhibits represent clearly." Id. at 1. He further states that the issues herein "would shock the conscience of any citizen of the United States and would amount to terrorism," that he has clearly shown "immediate and irreparable harm" and that "the public interest requires the injunction he seeks." Id. at 2. The Court does not find any support, in law or fact, for the Plaintiff's arguments. Accordingly, the Plaintiff's objections are without merit and are hereby **OVERRULED**.

Upon careful review of the R&R, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 29] should be, and is hereby, **ORDERED ADOPTED** for the reasons more fully stated therein. Therefore, the Plaintiff's motion [ECF No. 28] is **DENIED**.

The Clerk of Court is **DIRECTED** to mail a copy of this Order to the *pro se* Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** July 9, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE