IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**BURTON LOWELL ANDERSON,**
    **Plaintiff,**

v.   Civil Action No. 3:18-CV-167
(GROH)

**WV STATE TROOPER JASON BREWER,**
**WV STATE TROOPER CHRISTOPHER SPEECE,**
**DNR TROOPER PHILLIPS,**
**WV STATE TROOPER BLEVINS,**
**WV STATE TROOPER SNODGRASS, and**
**DNR TROOPER R. S. CREMEANS,**
    **Defendants.**

## REPORT AND RECOMMENDATION

### I.   INTRODUCTION

On October 12, 2018, the *pro se* Plaintiff, an inmate at St. Marys Correctional Center in St. Marys, West Virginia, filed a civil rights action pursuant to 42 U.S.C. § 1983. ECF No. 1.[1]  Previously, on April 30, 2019, the Court issued a Report and Recommendation related to Plaintiff's requests for injunctive relief, and on July 9, 2019, the District Court adopted the Report and Recommendation.  ECF Nos. 29, 34.  The Court now considers Plaintiff's substantive claims.

### II.   FACTUAL AND PROCEDURAL HISTORY

Plaintiff is currently incarcerated with the West Virginia Division of Corrections, as

---

[1] All ECF number cited herein are in 3:18-CV-167, unless otherwise noted.

a result of his conviction in the Circuit Court of Ritchie County, West Virginia, case number 17-F-48, of the felony offenses of attempt to commit first degree murder and malicious assault. https://apps.wv.gov/ois/offendersearch/doc. By order dated February 23, 2018, Plaintiff was committed to the West Virginia Division of Corrections, with a projected release date of November 24, 2028. Id. Plaintiff is also awaiting trial in the Circuit Court of Ritchie County, West Virginia, case number 18-F-45, on two charges that he altered or changed a vehicle manufacturer's serial number, and two charges that he received stolen property. ECF No. 50-6 at 2 – 4.

### A. Plaintiff's Complaint

Plaintiff initiated this civil action on October 12, 2018, by filing a civil rights complaint which alleges that: (1) his Fourth Amendment rights were violated by Defendants in the search of his home and seizure of his property conducted by West Virginia law enforcement officials, and malicious prosecution by those officials; (2) that Defendants WV State Trooper Christopher Speece ("Speece") and WV State Trooper Blevins ("Blevins") used acts of terrorism against Plaintiff; and (3) that Defendants, specifically Speece, have retaliated against him based on his refusal to serve as a confidential informant for law enforcement. ECF No. 1 at 7 – 8. For relief, Plaintiff requested he be awarded punitive damages in an amount "to be later determined", and that he be awarded "renumeration of stolen and destroyed properties". Id. at 9. Although search warrants were executed in two separate Ritchie County cases, Plaintiff does not specify in his complaint when the complained-of search occurred or which warrants his complaint concerns. The first search warrant was both issued and executed on

2

November 8, 2015.  ECF No. 1-2.  The second search warrant was both issued and executed on October 2, 2017.  ECF No. 50-4.

### B. Defendants' Motions to Dismiss

Defendants DNR Trooper William Phillips ("Phillips") and DNR Trooper R. S. Cremeans ("Cremeans") (collectively "the DNR Defendants") filed a motion to dismiss and memorandum in support thereof on August 21, 2019.  ECF Nos. 48, 49.  Therein Phillips and Cremeans argue that any claims which Plaintiff raised are barred by the statute of limitations, and that any claims which are not time-barred, are without merit because Phillips and Cremeans are entitled to immunity for any actions taken in their official capacity.  ECF No. 49 at 3 – 6.

Defendants West Virginia State Troopers Jason Brewer ("Brewer"), Christopher Snodgrass ("Snodgrass") Speece and Blevins, (collectively "the State Police Defendants"), filed a separate motion to dismiss and memorandum in support thereof on August 22, 2019.  ECF Nos. 50, 50-1.

Brewer argues that any claims against him are time-barred, and that any claims which are not time-barred fail to state a claim upon which relief may be granted.  ECF No. 50-1 at 7 – 10.  Speece argues that he is entitled to qualified immunity and that Plaintiff fails to state a claim upon which relief may be granted.  Id. at 10 – 15.  Alternatively, Speece argues that these proceedings should be stayed pending resolution of the underlying criminal charges[2] against Plaintiff.  Id.  Snodgrass argues that Plaintiff fails to state a claim upon which relief may be granted.  Id. at 15.  Blevins argues that Plaintiff

---

[2] Anderson is currently awaiting trial in the Circuit Court of Ritchie County, West Virginia, in case number 18-F-45.  The Ritchie County Circuit Clerk has confirmed that an October 2019 scheduling conference in that case was continued to January 28, 2020.

fails to state a claim upon which relief may be granted. Id. at 16.  Alternatively, Blevins argues that these proceedings should be stayed pending resolution of the underlying criminal charges against Plaintiff.  Id.  The State Police Defendants collectively further argue that Plaintiff failed to plead any viable claims under the First, Eighth or Fourteenth Amendments.  Id. at 16 – 17.  Finally, the State Police Defendants argue that they cannot be held liable for any claims brought against them in their official capacities.  Id. at 18.

### C. Plaintiff's Response

Plaintiff responded to these motions to dismiss by filing a "Declaration Pursuant to Title III Section 8(a)(2) Federal Rules of Civil Procedure".  ECF No. 53.  In that declaration, Plaintiff states that Defendants are not entitled to qualified immunity because "Defendants have robbed, burglarized, terrorized and illegally seized personal property while illegally entering without want or warrant."  Id. at 2.

### D. Defendants' Replies

The DNR Defendants filed a response to the declaration on September 4, 2019, which asserts that: (1) Plaintiff failed to address the statute of limitations claims; and (2) Plaintiff's official capacity claims must be dismissed.  ECF No. 55.

The State Police Defendants filed a reply to Plaintiff's declaration on September 13, 2019, which argues that: (1) claims related to the November 8, 2015, execution of a search warrant and seizure of property are time barred; (2) Plaintiff failed to state a claim against Brewer; (3) Plaintiff lacks standing to bring claims related to purported injuries to his son and one of Plaintiff's customers; (4) Plaintiff failed to state a claim for malicious prosecution; (5) Speece and Blevins are entitled to qualified immunity; and (6) Plaintiff failed to allege any facts to support his claims that his First, Eighth and Fourteenth

Amendment rights were violated. ECF No. 58 at 1 – 2.

### E. Additional Pleadings Filed by the Parties

Plaintiff filed a response to the State Police Defendants' motion to dismiss and a separate response to the DNR Defendants' motion to dismiss on September 12, 2019. ECF Nos. 56, 57. Therein Plaintiff makes several assertions of wrongdoing and retaliation, notably that "[t]he most recent violation was the accosting of Plaintiff's daughter [ ] on August 9, 2019." ECF No. 56 at 11. In his response to the State Police Defendants, Plaintiff further argues that foreclosure against his family home by Wells Fargo Financial Company "was a continuing act which is part of this conspiracy." Id. Plaintiff also asserted that the Defendants were being named and served in their individual capacities. Id. at 9.

In his response to the DNR Defendants, Plaintiff again raises the alleged harassment of his daughter as proof of his retaliation claim. ECF No. 57 at 3. Plaintiff also asserted that the Defendants were being named and served in their individual capacities. Id. at 3. Plaintiff further argued that the continuing tort doctrine[3] applies to him and "provides that if an injury is continuing and has not ended, then the statute of limitations does not begin until the ending of the injury." Id.

Plaintiff filed a response to the State Police Defendants Motion to Dismiss, and a separate response to the DNR Defendants Motion to Dismiss on September 25, 2019. ECF Nos. 59, 60. Plaintiff's response to the State Police Defendants appears to be substantially similar to his prior response filed on September 12, 2019. ECF Nos. 56, 59. Although revisions are evident, large portions appear to be verbatim to the September

---

[3] Plaintiff cites to Franklin Cleckley, Second Edition, Handbook on West Virginia Criminal Procedure, and cases cited therein in support of his continuing tort doctrine argument. ECF No. 60 at 3.

5

12, 2019, pleading. Id. Plaintiff's response to the DNR Defendants appears to be an exact duplicate of Plaintiff's prior response filed on September 12, 2019, with the addition of exhibits. ECF Nos. 57, 60, 60-1 through 60-8.

The DNR Defendants filed a reply to Plaintiff's Response on September 26, 2019, and raised the same issues presented in the September 4, 2019 response. ECF Nos. 55, 61. The State Police Defendants filed a reply to Plaintiff's Response on September 26, 2019, which argues that Plaintiff: (1) failed to allege a continuing tort; (2) failed to overcome Defendants' right to qualified immunity; (3) failed to allege a Fourteenth Amendment Due Process violation; (4) failed to state a claim of an Eighth Amendment violation; (5) improperly attempted to raise new claims[4] in his response brief which were not asserted in the complaint; and (6) made other irrelevant or improper arguments. ECF Nos. 62, 62-1 at 2 – 7. The State Police Defendants further argued that Plaintiff's case attacks the validity of his state court conviction and thus should be dismissed based on the authority of Heck v. Humphrey, 512 U.S. 477, 486 -87 (1994). ECF No. 62-1 at 7.

### III. LEGAL STANDARD

**A. Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a

---

[4] These claims related to alleged civil rights violations against his daughter.

6

defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

"While the courts liberally construe *pro se* pleadings as a matter of course . . ., judges are not also required to construct a party's legal arguments for him."  Small v. Endicott, 998 F.2d 411, 417- 18 (7th Cir. 1993) (quoting Haines v. Kerner).

### B.    § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

As to whether a state or local government can be named as a defendant in a § 1983 action, the Supreme Court held that, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 694 (1978).

### C. Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted. The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus, a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has

acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### D. Motion for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party. Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact." 477 U.S. at 323. Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some

metaphysical doubt as to material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict." Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party

opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV. ANALYSIS

Plaintiff's claims against the DNR Defendants are barred by the statute of limitations. Although Plaintiff claims that the statute of limitations is tolled under the continuing tort doctrine as to his claims against the State Police Defendants, those claims may also be time-barred. However, even if Plaintiff's claims against the State Police Defendants were timely filed, the doctrine of qualified immunity protects all the defendants from liability.

### A. Statute of Limitations Bars Claims Against the DNR Defendants

Section 1983 does not contain an express statute of limitations; therefore, federal courts apply the forum state's statute of limitations for personal injury claims, see Wallace v. Kato, 549 U.S. 384, 387 (2007); Owens v. Baltimore City State's Attorney Office, 767 F.3d 379, 388 (4th Cir. 2014), and its corresponding tolling rules. Thus, timeliness of an action is determined based upon the relevant state limitations period for personal injury actions.

W,Va, Code § 55-2-12(b) provides:

> Every personal action for which no limitations is otherwise prescribed shall be brought: (a) within two years next after the right to bring the same shall have accrued if it be for damage to property; (b) within two years next after the right to bring the same shall accrued if it be for damages for personal injuries; and (c) within one year or next after the right to bring the same shall have accrued if it be for any other matter of such a nature that, in case a party dies, it could not have been brought at common law by or against his personal representative.

In this case, the plaintiff's claims against the DNR defendants are clearly outside the two-year applicable statute of limitations. The complaint clearly states that the plaintiff's rights were alleged to have been violated at the time his home was searched pursuant to a warrant on November 8, 2015. ECF No. 1-1 at 2. The DNR Defendants were present for the November 8, 2015, search warrant execution. Given that the plaintiff alleges that the charges underlying the execution of the November 8, 2015, search warrant were dismissed on February 23, 2016, it is clear that he was aware of his claim on that date. ECF No. 1-2 at 7. However, Plaintiff did not initiate this action until October 12, 2018, more than two years after the dismissal of the underlying criminal action, and nearly three years after the events which he alleges violated his civil rights. Because more than two years have elapsed since the November 8, 2015, execution of the search warrant at issue, when the DNR Defendants were present, it is clear that Plaintiff's claims, regardless of any merit, are barred by the two-year statute of limitations.

Plaintiff alleges that the continuing tort doctrine permits his claims against the State Police Defendants, because, according to Plaintiff, Defendants continued to violate his civil rights, including in the execution of the October 2, 2017, search warrant. The Fourth Circuit has held that:

> when a harm has occurred more than once in a continuing series of acts or omissions, a plaintiff under certain circumstances may allege a "continuing violation" for which the statute of limitations runs anew with each violation. The tort principle of "continuing violation," which also has been referred to as "continuing harm" or "continuing wrong," is not unique to Section 1983 jurisprudence, but is a general principle of federal common law.

DePaola v. Clarke, 884 F.3d 481, 486 (4th Cir. 2018) (internal citations omitted). However, Plaintiff does not describe a continuing violation of his rights. Instead, Plaintiff instead describes separate instances which he claims violated his rights, including the initial violation which occurred on November 8, 2015, and an August 9, 2019, event where Plaintiff claims his family was harassed and retaliated against for Plaintiff's actions. ECF No. 57 at 3. Interestingly, Plaintiff also claims that this harassment has "not stopped since its beginning in 2010," however, Plaintiff fails to explain what events occurred five years prior to the first search of his home, which constituted a violation of his civil rights.

Although it may be possible for a similarly situated plaintiff to claim application of the continuing tort doctrine, Plaintiff's claims do not constitute a continuing tort which would toll the statute of limitations. However, even if the statute of limitations does not prohibit Plaintiff's claims against the State Police Defendants, none of the named defendants are personally liable to Plaintiff, because they are all entitled to qualified immunity.

### B. Qualified Immunity

The Supreme Court recognizes that the doctrine of qualified immunity protects government officials:

> "From liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact."

Pearson v. Callahan, 555 U.S. 223, 231 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). As the Supreme Court recently held, "[u]nder our precedents, officers are entitled to qualified immunity under § 1983 unless (1) they violated a federal statutory or constitutional right, and (2) the unlawfulness of their conduct was "clearly established at the time." D.C. v. Wesby, 138 S. Ct. 577, 589 (2018) (quoting Reichle v. Howards, 566 U.S. 658, 664 (2012)).

      Although Plaintiff alleges that the State Police Defendants violated his constitutional rights, Plaintiff fails to allege that the unlawfulness of their conduct was clearly established at the time. The State Police Defendants sought a search warrant, which was issued by a magistrate on October 2, 2017. ECF No. 50-4. On that same date the State Police Defendants executed the search warrant. Id. In the complaint and accompanying memorandum, Plaintiff only asserts that the execution of the November 8, 2015, search warrant violated his Fourth Amendment rights. ECF Nos. 1 at 7, 1-1 at 2. Plaintiff does not specifically allege that the execution of the October 2, 2017, search warrant violated his Constitutional rights. Law enforcement officers regularly present search warrant applications to magistrates and execute lawfully-issued search warrants. Those actions by a law enforcement officer are discretionary functions and are clearly lawful. Thus, the Defendants are all entitled to qualified immunity for any actions which involved discretionary functions, including the execution of a lawfully-issued search warrant.

      Plaintiff has failed to assert that Defendant took any steps which were outside of their discretionary function in their application for and execution of the October 2, 2017, search warrant. Further, Plaintiff fails to allege any facts which would overcome

Defendants' qualified immunity, specifically that Defendants violated a federal statutory or constitutional right and that the unlawfulness of their conduct was clearly established at the time. Consistent with the holding of Small v. Endicott, 998 F.2d at 417 – 18, the Court is not required to construct arguments for the Plaintiff and cannot consider any arguments that are not presented by Plaintiff himself.

Accordingly, it appears that all named Defendants are entitled to qualified immunity under § 1983, and that Plaintiff has failed to state a claim against any Defendants. Therefore, because Defendants are entitled to qualified immunity, regardless of the applicability of the statute of limitations, this complaint should be dismissed.

## V. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that the Plaintiff's complaint [ECF No. 1] be **DISMISSED WITH PREJUDICE**.

It is further **RECOMMENDED** that Defendants' motions to dismiss [ECF Nos. 48, 50] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

**Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED:** November 19, 2019

_____
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE