# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**BURTON LOWELL ANDERSON**,

    Plaintiff,

v.                                                                                        **CIVIL ACTION NO.: 3:18-CV-167 (GROH)**

**JASON BREWER, WV State Trooper,
CHRISTOPHER SPEECE, WV State Trooper,
DNR TROOPER PHILLIPS, Department of
Natural Resources Trooper,
WV STATE TROOPER BLEVINS,
WV STATE TROOPER SNODGRASS and
DNR TROOPER R. S. CREMEANS**,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 63. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on November 19, 2019. In his R&R, Magistrate Judge Trumble recommends that the Plaintiff's Complaint [ECF No. 1] be dismissed with prejudice.

## I. BACKGROUND

Upon review of the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Plaintiff's claims. The Court incorporates those facts herein. However, the Court has outlined the Plaintiff's claims for relief below.

On October 12, 2018, the Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. In his complaint, the Plaintiff asserts four claims for relief. In his first claim for relief, the Plaintiff alleges the "Defendants, while acting in concert and conspiracy, deprived [him] of his [Fourth] Amendment right to be free from illegal search and seizure and malicious prosecution." Id. at 7. In his second claim for relief, the Plaintiff alleges "Defendant Speece and Defendant Blevins while acting under color of law used acts of terrorism upon Plaintiff and his family in derogation of the West Virginia and United States Constitution." Id. at 8. In his third claim for relief, the Plaintiff alleges "retaliation was implemented upon Plaintiff for his filing of motions to state court resulting in malicious prosecution by Defendant Speece and such prosecution is being used to intimidate." Id. In his fourth claim for relief, the Plaintiff states "all defendants being sued in their professional and individual capacities!" Id.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a *de novo* review of the magistrate judge's findings where objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no objection is made. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and of a Plaintiff's right to appeal this Court's Order. 28.U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the

magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Mario 313 F.3d at 766. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Service was accepted by the pro se Plaintiff on November 25, 2019. ECF No. 64. The Plaintiff filed his objections on December 5, 2019. ECF No. 65. Defendants Jason Brewer, Christopher Speece, Justin Blevins and Christopher Snodgrass filed a response to the Plaintiff's objections on December 18, 2019. ECF No. 66. On December 23, 2019, Defendants William Phillips and Randy Cremeans filed a joinder in the response. ECF No. 67. The Court will review

3

the Plaintiff's objections to the R&R *de novo*. The Court will review the remainder of the R&R for clear error.

## III. DISCUSSION

Magistrate Judge Trumble found the Plaintiff's claims against the DNR Defendants are barred by the two-year statute of limitations. He further found the Plaintiff's claims against the State Police Defendants do not constitute a continuing tort which would toll the statute of limitations and the claims are also barred by the two-year statute of limitations. Magistrate Judge Trumble found that even if the Plaintiff's claims were not time-barred, the doctrine of qualified immunity protects all the Defendants from liability.

In the Plaintiff's objections, he sets forth several arguments. First, the Plaintiff argues he has not had the benefit of discovery. Upon review, the Court finds that discovery is not appropriate at this phase of the proceedings. See Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982) (finding that government officials should not be burdened by broad-reaching discovery). Next, the Plaintiff argues that criminal acts have been committed that do not have a statute of limitations. However, a prosecutor, not the Plaintiff or the Court, possesses the authority to bring criminal charges.

The Plaintiff objects to "the failure of the Court to address" the Defendants' request for a stay of the case. ECF No. 65 at 3. The Court finds it was unnecessary for Magistrate Judge Trumble to consider staying the case because he found the Plaintiff's claims were barred by the statute of limitations, and even if the Plaintiff's claims were not time-barred, the Defendant were entitled to qualified immunity. Lastly, the Plaintiff objects to the "entire content of the justifications for recommendation." Id. at 2. Having reviewed Magistrate Judge Trumble's R&R, the Court finds the Plaintiff's claims are barred by the statute of

limitations. The Court further finds that even if the Plaintiff's claims were not time-barred, the Defendants would be entitled to qualified immunity. Accordingly, the Plaintiff's objections to the R&R are **OVERRULED**.

## IV. CONCLUSION

Upon careful review of the R&R and the Plaintiff's objections, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 63] should be, and is hereby, **ORDERED ADOPTED**. The Plaintiff's complaint [ECF No. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**. Further, the Defendants' motion to dismiss [ECF Nos. 48, 50] are hereby **GRANTED**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to transmit copies of this Order to all counsel of record herein. The Clerk is further **DIRECTED** to mail a copy of this Order to the Plaintiff by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** March 11, 2020

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE